## PARKER'S HEIRS *v.* H. IRBY *et al.*

1. CHANCERY PRACTICE. *Principal and surety. Guardian and ward. Administrator. Insolvent estate.* A bill for an account may be maintained against a surety of a deceased guardian, without making the administrator a party, where the insolvency of the guardian is alleged.

   Cases cited: Foster *v.* Maxey's Ex'r, 6 Yer., 224; Pass *v.* Dibrell, 8 Yer., 470. Code cited: Sections 2784, 2787.

2. SAME. *Same.* If the interest sought to be reached by the bill so filed, is for the benefit of a distributee of the deceased ward, the complainant must pursue his right through that person's representative.

### FROM SHELBY.

Appeal from the Chancery Court.    R. J. MORGAN. Chancellor.

METCALF & SCARBROUGH for plaintiffs.

LOGWOOD & MICOU for defendants.

Opinion by the court.

The case stands upon demurrer. The bill is filed by the wards of Davis Biggs, deceased, their late guardian, against Harrison Irby alone, as a surety on the guardian bond, for an account and settlement of the complainants' demands against said guardian; and they seek also by their bill, as distributees of a deceased ward, to recover his share and to have distribution thereof among them. The administrators of the deceased guardian and of said deceased ward are not made parties to the bill, and this is made ground of demurrer.

The demurrer assumes other grounds, which we hold, under our liberal system of practice, are not well taken, and which it is not necessary to notice, further than to observe that the case made in the bill is properly cognizable in a court of equity, and that if there be any merit in the defense of the statute of limitations, which we do not decide, the benefit thereof will be reserved to defendant upon proper plea below.

The ground mainly pressed in argument here is, that the bill for an account cannot be sustained against the surety without making the representative of the deceased guardian a party defendant. This might be so according to the strict rules of equity practice, but for the distinct allegation that the estate of the guardian is insolvent. While in such cases it is the better practice to have the guardian or his representative before the court, yet even under the old practice the failure to do so where insolvency is alleged, would not be fatal to the bill—and especially so under the broad provisions of our statute regulating the liability of parties to joint obligations, and prescribing the remedies as against principals and sureties. In such a case we hold that a bill for an account may be maintained against the surety alone. Story Eq. Pl., sec. 169; 1 Story Eq. Jur., sec. 494–496; 1 Dan'l Ch. Pr., 270–271; Code, secs. 2784–2787; 6 Yer., 224; 8 Yer., 470.

We hold, however, that the complainants must pursue their rights as distributees of the deceased ward, through his representative, who should be brought before the court, and should be a party to the suit.

Thus modified, the decree disallowing the demurrer will be affirmed and the cause remanded, that an administrator of the deceased ward may be made a party, and for further proceedings.